UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Anderson, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>The United States of America,<br><br>　　　Defendant. | Case No. 2:21-cv-09102-VAP-(PDx)<br><br>**Order GRANTING<br>Motion to Dismiss (Doc. No. 23)** |

　　　Defendant the United States of America ("Defendant") filed a Motion to Dismiss ("Motion") on June 2, 2022.  (Doc. No. 23.)  Plaintiffs Robert Anderson et al. ("Plaintiffs") opposed the Motion on July 25, 2022.  (Doc. No. 32.)  Defendant replied on August 1, 2022.  (Doc. No. 33.)

　　　After considering all papers filed in support of, and in opposition to, the Motion, the Court **GRANTS** the Motion to Dismiss.

　　　　　　　　　　　　**I.　　BACKGROUND**

　　　Plaintiffs lived in, or around, former George Air Force Base located in Victorville, California.  (SAC ¶¶ 5-54, 56.)  According to Plaintiffs, during their time at George Air Force Base they were exposed to toxic, hazardous, and radioactive waste that caused Plaintiffs to suffer adverse health consequences.  (*Id.* ¶¶ 58-59, 75-77.)  Accordingly, Plaintiffs assert a claim

1

for negligence against Defendant.  (*Id.* ¶¶ 80-90.)  Defendant filed a motion to dismiss the claim.  (Doc. No. 23.)

## II.   LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rules of Civil Procedure (12)(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction to adjudicate the claim.  A facial attack to subject matter jurisdiction is based solely on the allegations in the complaint and the documents attached to the complaint.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual attack, in contrast, is one in which subject matter jurisdiction is challenged as a matter of fact and is based on evidence outside of the pleadings.  *Id.* at 1039.  Where a party challenges the substance of jurisdictional allegations, the court does not presume the factual allegations to be true and may consider evidence such as affidavits and testimony to resolve factual disputes regarding jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving that the Court has jurisdiction to hear his claims.  *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to

state a claim." *Id.* at 13-14 (internal quotation marks and citation omitted) (alteration in original).

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

Defendant argues that Plaintiffs' claim fails as they cannot establish subject matter jurisdiction or state a valid claim. (Motion at 1-3.) According to Defendant, the Court lacks subject matter jurisdiction as the Federal Tort Claims Act's ("FTCA") discretionary function exception bars Plaintiffs' claim. (*Id.* at 5-16.) Defendant also contends that the *Feres v. United States* doctrine bars Plaintiffs F.V.'s and M.V.'s claim as their injuries are incident to their father's military service. (*Id.* at 16-20.) Finally, Defendant avers that Plaintiffs fail to allege facts sufficient to establish a claim and that granting leave to amend would be futile. (*Id.* at 20-25.) The Court first addresses the FTCA.

#### A. FTCA's Discretionary Function Exception

Defendant contends that, because its policies are discretionary, and that discretion is grounded in policy considerations, the FTCA bars Plaintiffs' negligence claim. (Motion at 8-16.) The Court agrees.

4

The United States has sovereign immunity unless it waives its immunity from suit. See *United States v. Orleans*, 425 U.S. 807, 814 (1976). "The FTCA permits private suits against the United States for damages for loss of property, injury, or death caused by a government employee's negligence." *Lam v. United States*, 979 F.3d 665, 972 (9th Cir. 2020). The Discretionary Function Exception ("DFE"), however, exempts the United States from suit if a claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The Supreme Court created a two-part test, the *Berkovitsz/Gauvert* test, "to determine the types of discretionary acts covered by the DFE." *Lam*, 979 F.3d at 673; see also *Berkovitz v. United States*, 486 U.S. 531 (1988); *United States v. Gaubert*, 499 U.S. 315 (1991). First, "conduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz*, 486 U.S. at 536. And second, the court must decide if "that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* Indeed, there is "a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Gaubert*, 499 U.S. at 324; see also *Chadd v. United States*, 794 F.3d 1104, 1104 (9th Cir. 2015) (same).

Plaintiffs here concede, as they do not argue the issue, that the Government's actions are discretionary because no statute, regulation, or policy "prescribes a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536; *see also Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) ("Yet nowhere does Doe allege the existence of a policy that is '*specific* and *mandatory*' on the Holy See. He does not state the terms of this alleged policy, or describe any documents, promulgations, or orders embodying it.") (emphasis in original); *Ard v. F.D.I.C.*, 770 F. Supp. 2d 1029, 1036 (C.D. Cal. 2011) ("Plaintiffs have not identified, nor can the court locate, any federal statute, regulation, or policy that applies to the conduct challenged in this action"). Plaintiffs, however, contend that the second prong of the *Berkovitsz/Gauvert* test fails because national security considerations are not implicated, and the Court must consider pertinent safety considerations in this case. (Opp'n at 6-11.)

Plaintiffs' argument about national security considerations is inapposite. (Opp'n at 6-8.) The Government need not assert national security considerations for the DFE to apply in this case. *See United States v. Varig Airlines*, 467 U.S. 797, 814 (1984) ("Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy").

Moreover, Plaintiffs' reliance on *Waverly View Investors, LLC v. United States*, 79 F. Supp. 3d 569 (D. Md. 2015) and *In Re Consol. U.S. Atmospheric Testing Litig.*, ("*Atmospheric Testing*") 820 F.2d 982 (9th Cir. 1987) is misplaced as both cases found the DFE barred the FTCA claims.

The *Waverly* court found that characterizing the Army's waste disposal as "mere 'garden-variety housekeeping' ignores the factors the Army would have had to consider as it was operating Fort Detrick's biological warfare program, including national security, resource constraints, and environmental impact." 79 F. Supp. 3d at 575. In *Atmospheric Testing*, the court found that "any decision whether to issue warnings to thousands of test participants of possibly life-threatening dangers and to provide them with appropriate examinations and counseling calls for the exercise of judgment and discretion at high levels of government." 820 F.2d at 997. Plaintiffs here similarly ignore the Air Force's complex military decisions regarding waste disposal, including disposal of solid radioactive waste by burial, and its warning of contamination of such disposal. *See Atmospheric Testing*, 820 F.2d at 998 ("The conclusion is inescapable that every aspect of a warning program is a matter that falls within the discretionary function exception . . .").

Plaintiffs' argument about safety considerations also lacks merit. (Opp'n at 8-11.) Although it is true that the Government's protection under DFE for waste disposal is not boundless, Defendant correctly asserts that Plaintiffs' cases cited for this proposition do not involve military decisions about waste disposal. *See Andrulonis v. United States*, 952 F.2d 652, 655 (2nd Cir. 1991) (holding in a non-military waste disposal case that federal researcher's decision not to warn laboratory workers of hazards related to experiments involving the rabies vaccine was not grounded in policy); *Summers v. United States*, 905 F.2d 1212 (9th Cir. 1990) (holding in a non-military waste disposal case that Park Service's failure to provide warnings

about the potential danger of stepping on hot coals on a public beach was not grounded in policy). In fact, cases have found that the military's disposal of the radioactive material in this case, like Cesium-137, Thorium-232, and Uranium-238, as well as trichloroethylene ("TCE"), which is used to de-grease and clean aircraft, is grounded in policy. *See Savary v. United States*, 205 F.3d 1352, at *3-4 (9th Cir. 1999) ("With respect to the first, namely design for waste disposal systems, this court has repeatedly found claims based upon design choice to be barred by the discretionary function exception."); *Atmospheric Testing*, 820 F.2d at 997 ("The program required difficult judgments balancing the magnitude of the risk from radiation exposure—of which there was only fragmentary knowledge—against the risks and burdens of a public program. Those risks included the potential consequences of creating public anxiety and the health hazards inherent in the medical responses to the warning."); *City of Lincoln v. United States*, 283 F. Supp. 3d 891 904 (E.D. Cal. 2017) (noting that "[n]umerous courts, analyzing the military's allocation of resources involving waste management during the 1950s and '60s, have found those decisions susceptible to policy analysis") (collecting cases).

Finally, Plaintiffs' contention that it is unclear "whether personnel . . . ever actually considered and balanced the policy interests" at stake, (Opp'n at 11), is a misreading of the *Berkovitsz/Gauvert* test. The Supreme Court has made it clear that the actor's decision making is inapposite when considering whether the discretionary function exception applies. *See Varig Airlines*, 467 U.S. at, 813 ("it is the nature of the conduct, rather than the

status of the actor, that governs whether the discretionary function exception applies in a given case.").

Accordingly, "[b]ecause [the Air Force's] policies are not mandatory and allow for discretion, and that discretion is susceptible to policy analysis," the discretionary exception bars Plaintiffs' claim under the FTCA. *Lam*, 979 F.3d at 671; *see also Gaubert*, 499 U.S. at 323 (holding the DFE is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort.").

As the Court lacks subject matter jurisdiction over Plaintiffs' claim, the Court need not address Defendant's remaining argument to dismiss the action.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend and with prejudice.

**IT IS SO ORDERED.**

Dated: 8/18/22

Virginia A. Phillips
United States District Judge